FILED
SEP 16 2010
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

(Rev. 5/05)

**FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §1983**

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE**

(1) Kevin L. Dickens    256265
(Name of Plaintiff)    (Inmate Number)
James T. Vaughn Correctional Center
1181 Paddock Road
Smyrna, DE 19977
(Complete Address with zip code)

(2) Roman Shankaras  #376142

(3) Thomas Gordon  #455684
(Name of Plaintiff)    (Inmate Number)
James T. Vaughn Correctional Center
1181 Paddock Road
Smyrna, DE 19977
(Complete Address with zip code)

(Each named party must be listed, and all names must be printed or typed. Use additional sheets if needed)

vs.

(1) Commissioner Carl Danberg

(2) Deputy Commissioner Thomas Carroll

(3) Bureau Chief Rick Kearney
(Names of Defendants)

(Each named party must be listed, and all names must be printed or typed. Use additional sheets if needed)

10-828
(Case Number)
(to be assigned by U.S. District Court)

**CIVIL COMPLAINT**

•• Jury Trial Requested

**I. PREVIOUS LAWSUITS**

A. If you have filed any other lawsuits in federal court while a prisoner, please list the caption and case number including year, as well as the name of the judicial officer to whom it was assigned:

03-310 JJF — Judge Joseph Farnan
04-210 JJF — Judge Joseph Farnan

II. **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

In order to proceed in federal court, you must fully exhaust any available administrative remedies as to each ground on which you request action.

A. Is there a prisoner grievance procedure available at your present institution? (••Yes) ••No

B. Have you fully exhausted your available administrative remedies regarding each of your present claims? (••Yes) ••No

C. If your answer to "B" is Yes:

1. What steps did you take? Filed Grievances, Wrote Letters and Complaints to Administration, Filed Disciplinary Action and Appeals

2. What was the result? All grievances, complaints, and disciplinary actions and appeals were denied or ignored.

D. If your answer to "B" is No, explain why not: Many grievances were rejected as non-grievable, thus aborting the administrative remedy.

III. **DEFENDANTS** (in order listed on the caption)

(1) Name of first defendant: Commissioner Carl Danberg

Employed as Commissioner at Delaware Dept. of Corrections

Mailing address with zip code: Dept. of Corrections, 245 McKee Road, Dover, DE 19901

(2) Name of second defendant: Deputy Commissioner Thomas Carroll

Employed as Deputy Commissioner at Delaware Dept. of Corrections

Mailing address with zip code: Dept. of Corrections, 245 McKee Road, Dover, DE 19901

(3) Name of third defendant: Bureau Chief Rick Kearney

Employed as Bureau Chief at Delaware Dept. of Corrections

Mailing address with zip code: Dept. of Corrections, 245 McKee Road, Dover, DE 19901

(List any additional defendants, their employment, and addresses with zip codes, on extra sheets if necessary)

2

DEFENDANTS (CONTINUED)

4. Warden Perry Phelps - Warden - James T. Vaughn Correctional Center
   1181 Paddock Road, Smyrna, DE 19977

5. Deputy Warden Pierce - Deputy Warden - James T. Vaughn Correctional Center
   1181 Paddock Road, Smyrna, DE 19977

6. Deputy Warden Klein - Deputy Warden - James T. Vaughn Correctional Center
   1181 Paddock Road, Smyrna, DE 19977

7. Major James Scarborough - Major - James T. Vaughn Correctional Center
   1181 Paddock Road, Smyrna, DE 19977

8. Major Michael Costello - Major - James T. Vaughn Correctional Center
   1181 Paddock Road, Smyrna, DE 19977

9. Captain Rispoli - Captain - James T. Vaughn Correctional Center
   1181 Paddock Road, Smyrna, DE 19977

10. Captain Guy Fowler - Captain - James T. Vaughn Correctional Center
    1181 Paddock Road, Smyrna, DE 19977

11. Captain Carl Hazzard - Captain - James T. Vaughn Correctional Center
    1181 Paddock Road, Smyrna, DE 19977

12. S/Lt. Ramon Taylor - Staff Lieutenant - James T. Vaughn Correctional Center
    1181 Paddock Road, Smyrna, DE 19977

13. S/Lt. Karen Hawkins - Staff Lieutenant - James T. Vaughn Correctional Center
    1181 Paddock Road, Smyrna, DE 19977

14. S/Lt. Willey - Staff Lieutenant - James T. Vaughn Correctional Center
    1181 Paddock Road, Smyrna, DE 19977

15. Lt. Larry Savage - Lieutenant - James T. Vaughn Correctional Center
    1181 Paddock Road, Smyrna, DE 19977

16. Lt. Thomas Seacord - Lieutenant - James T. Vaughn Correctional Center
    1181 Paddock Road, Smyrna, DE 19977

17. Lt. James Satterfield - Lieutenant - James T. Vaughn Correctional Center
    1181 Paddock Road, Smyrna, DE 19977

18. Lt. Paul Harvey - Lieutenant - James T. Vaughn Correctional Center
    1181 Paddock Road, Smyrna, DE 19977

## DEFENDANTS (CONTINUED)

19. Lt. Smith - Lieutenant - James T. Vaughn Correctional Center
    1181 Paddock Road, Smyrna, DE 19977

20. Lt. Stanley Baynard - Lieutenant - James T. Vaughn Correctional Center
    1181 Paddock Road, Smyrna, DE 19977

21. Lt. John Salas - Lieutenant - James T. Vaughn Correctional Center
    1181 Paddock Road, Smyrna, DE 19977

22. Sgt. Wilfred Beckles - Sergeant - James T. Vaughn Correctional Center
    1181 Paddock Road, Smyrna, DE 19977

23. Sgt. Stanford Henry - Sergeant - James T. Vaughn Correctional Center
    1181 Paddock Road, Smyrna, DE 19977

24. Lt. Furman - Lieutenant - James T. Vaughn Correctional Center
    1181 Paddock Road, Smyrna, DE 19977

25. Mike Little - Legal Administrator - James T. Vaughn Correctional Center
    1181 Paddock Road, Smyrna, DE 19977

26. Brian Engrem - Paralegal - James T. Vaughn Correctional Center
    1181 Paddock Road, Smyrna, DE 19977

27. Cpl. Frank Kromka - Corporal - James T. Vaughn Correctional Center
    1181 Paddock Road, Smyrna, DE 19977

28. Cpl. Matthew Dutton - Corporal - James T. Vaughn Correctional Center
    1181 Paddock Road, Smyrna, DE 19977

29. Cpl. Lise Merson - Corporal - James T. Vaughn Correctional Center
    1181 Paddock Road, Smyrna, DE 19977

30. Staff Lt. Randall Dotson - Staff Lieutenant - James T. Vaughn Correctional Center
    1181 Paddock Road, Smyrna, DE 19977

31. Sgt. Roy Foraker - Sergeant - James T. Vaughn Correctional Center
    1181 Paddock Road, Smyrna, DE 19977

32. Lt. Erick Bayne - Lieutenant - James T. Vaughn Correctional Center
    1181 Paddock Road, Smyrna, DE 19977

33. Sgt. Jason Coriello - Sergeant - James T. Vaughn Correctional Center
    1181 Paddock Road, Smyrna, DE 19977

## DEFENDANTS (CONTINUED)

34. C/O Mark Williams - Guard - James T. Vaughn Correctional Center
    1181 Paddock Road, Smyrna, DE 19977
35. Sgt. Gwen Everette - Sergeant - James T. Vaughn Correctional Center
    1181 Paddock Road, Smyrna, DE 19977
36. Sgt. Michael Bryan - Sergeant - James T. Vaughn Correctional Center
    1181 Paddock Road, Smyrna, DE 19977
37. C/O Nicholas Mohr - Guard - James T. Vaughn Correctional Center
    1181 Paddock Road, Smyrna, DE 19977
38. C/O Della Boone - Guard - James T. Vaughn Correctional Center
    1181 Paddock Road, Smyrna, DE 19977
39. C/O Daynene Scott - Guard - James T. Vaughn Correctional Center
    1181 Paddock Road, Smyrna, DE 19977
40. Sgt. Bobbie Montgomery - Sergeant - James T. Vaughn Correctional Center
    1181 Paddock Road, Smyrna, DE 19977
41. IA Ed McGee - Internal Affairs Officer - James T. Vaughn Correctional Center
    1181 Paddock Road, Smyrna, DE 19977
42. IA Lester Boney - Internal Affairs Officer - James T. Vaughn Correctional Center
    1181 Paddock Road, Smyrna, DE 19977
43. Sgt. McGinnis - Sergeant - James T. Vaughn Correctional Center
    1181 Paddock Road, Smyrna, DE 19977
44. C/O Rebecca White - Guard - James T. Vaughn Correctional Center
    1181 Paddock Road, Smyrna, DE 19977
45. C/O Thomas Keefer - Guard - James T. Vaughn Correctional Center
    1181 Paddock Road, Smyrna, DE 19977
46. C/O Weber - Guard - James T. Vaughn Correctional Center
    1181 Paddock Road, Smyrna, DE 19977
47. Sgt. Angelina DeAllie - Sergeant - James T. Vaughn Correctional Center
    1181 Paddock Road, Smyrna, DE 19977
48. S/Lt. Chris Cessna - Staff Lieutenant - James T. Vaughn Correctional Center
    1181 Paddock Road, Smyrna, DE 19977

## DEFENDANTS (CONTINUED)

49. Lt. Sennett - Lieutenant - James T. Vaughn Correctional Center
    1181 Paddock Road, Smyrna, DE 19977

50. C/o Charles Stevens - Guard - James T. Vaughn Correctional Center
    1181 Paddock Road, Smyrna, DE 19977

51. C/o Greg Turner - Guard - James T. Vaughn Correctional Center
    1181 Paddock Road, Smyrna, DE 19977

52. C/o William Morris - Guard - James T. Vaughn Correctional Center
    1181 Paddock Road, Smyrna, DE 19977

53. Cpl. Parsons - Corporal - James T. Vaughn Correctional Center
    1181 Paddock Road, Smyrna, DE 19977

54. Sgt. Steve Floyd - Sergeant - James T. Vaughn Correctional Center
    1181 Paddock Road, Smyrna, DE 19977

55. Lt. Daum - Lieutenant - James T. Vaughn Correctional Center
    1181 Paddock Road, Smyrna, DE 19977

56. Lt. Michael Trader - Lieutenant - James T. Vaughn Correctional Center
    1181 Paddock Road, Smyrna, DE 19977

57. Sgt. Orlando DeJesus - Sergeant - James T. Vaughn Correctional Center
    1181 Paddock Road, Smyrna, DE 19977

58. Chris Senato - Food Service Director - James T. Vaughn Correctional Center
    1181 Paddock Road, Smyrna, DE 19977

59. C/o Paul Surowicz - Guard - James T. Vaughn Correctional Center
    1181 Paddock Road, Smyrna, DE 19977

60. Correctional Medical Services - Health Contractor - James T. Vaughn Corr. Center
    1181 Paddock Road, Smyrna, DE 19977

61. Dr. Brown - Doctor - James T. Vaughn Correctional Center
    1181 Paddock Road, Smyrna, DE 19977

62. Dr. Dresoro - Doctor - James T. Vaughn Correctional Center
    1181 Paddock Road, Smyrna, DE 19977

63. Nurse Betty Bryant - Nurse Administrator - James T. Vaughn Correctional Center
    1181 Paddock Road, Smyrna, DE 19977

## IV. STATEMENT OF CLAIM

(State as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach no more than three extra sheets of paper if necessary.)

① On May 6, 2008, Plaintiff was transferred from his cell handcuffed in order to eat in the interview room. While going to the interview room, c/o Daynene Scott began to

1. argue with Plaintiff. When Plaintiff argued back at her, she became irate and pushed him violently away. Plaintiff told Lead officer, Sgt. Gwen Everette, that he needed to speak to the Lt. because "he had just been violated." Instead, both Sgt. Everette and c/o Daynene Scott left Plaintiff handcuffed behind his back and shackled to the table.

When they returned to Interview Room ten minutes later, Sgt. Everette unhandcuffed Plaintiff so that he could eat with handcuffs in front. Plaintiff snatched the cuffs and told her "to get the Lt. because he had been violated." Sgt. Everette kept asking for the cuff key as Plaintiff tried to eat his lunch. When c/o Daynene Scott snatched Plaintiff's tray away from him, he threw juice in her face. c/o Daynene Scott then came around the table and started throwing punches at Plaintiff, who grabbed her in a headlock and applied pressure to her neck in order to subdue

2. her. While subduing her, he was sprayed with capstun twice by c/o Reynolds Hicks. After second burst of capstun, Plaintiff punched c/o Daynene Scott twice in her face before allowing c/o Hicks to rehandcuff him.

Plaintiff was later stripped to his boxers by Lt. Satterfield, S/Lt. Hawkins, and Q.R.T. and placed in 24 hr. black box mechanical restraints. Plaintiff was also criminally charged and maliciously prosecuted for three counts of assault in a detention facility. He received no medical attention from Nurse Betty Bryant and Dr. Dresoro for this incident. He was also falsely accused of assaulting Sgt. Gwen Everette and Sgt. Bobbie Montgomery.

② On May 11, 2008, Plaintiff received a retaliatory beating by Q.R.T. and prison officials. This incident was instigated by Sgt. Wilfred Beckles, who refused to turn cell lights off in broad

3. daylight in order to provoke Plaintiff. When Plaintiff refused to return his tray, Capt. Guy Foaker ordered Lt. Satterfield and Q.R.T. to assault Plaintiff. Because Plaintiff was aware that Lt. Satterfield and Q.R.T. would attempt to "gas" him with mace, Plaintiff prepared himself with a mixture of urine and feces.

When Lt. Satterfield began to mace Plaintiff through door flap, Plaintiff countered by throwing urine and feces on him. Q.R.T. then entered Plaintiff's cell and began to assault him as he threw urine and feces at them. During this incident, Plaintiff was punched and kicked by c/o Williams and Sgt. Foraker. He was also stabbed with sharp object to his foot area by Sgt. Coriello, which resulted in severe bleeding to his great right toe. He also suffered a severed split ear with outer ear separated down the middle toward eardrum. Lt. Satterfield allowed all officers to assault Plaintiff as an act of retaliation for throwing urine and feces. Plaintiff was later maliciously prosecuted for six counts of assault in a detention facility.

## V. RELIEF

(State briefly exactly what you want the Court to do for you. Make no legal arguments. Cite no cases or statutes.)

1. Injunctive Relief — 1) temporary and permanent injunction against Defendants who have either brutally assaulted Plaintiffs or have brought criminal charges against Plaintiffs in a court. 2) Temporary and permanent injunction against Defendants who have used "NUTRALOAF" as punishment for disciplinary reasons that are not "food-related" and do not give a due process hearing. 3) temporary and permanent injunction against Defendants who are Hearing officers and violate due process and liberty interests by not giving fair hearings and right to call witnesses and confront accusers and using sentence enhancers for multiple minor offenses that are used to qualify for disciplinary isolation and loss of good time. Also, restoration of all loss of good time sanctions that violated due process. 4) Immediate transfer to another state facility with no contact order by named Defendants who have brutally assaulted Plaintiffs. Protective Order against Defendants

2

When Nurse Betty Bryant reluctantly was providing medical treatment to Plaintiff, she told Lt. Satterfield that Plaintiff needed to go to outside hospital because "Plaintiff likes to sue people." This was in reference to pending lawsuit 04-210 JJF in this court. Plaintiff was later maliciously prosecuted.

Plaintiff was transported to Kent General Hospital via ambulance and given treatment. He received thirteen stitches for his split ear and was given a suture staple to attach the tendon to his right big toe that was almost detached. Even though attending physician at Kent General Hospital stated that Plaintiff should be placed in a sterile environment with chronic care at the Infirmary to prevent gangrene and possible toe amputation, both Warden Perry Phelps and Shift Commander Captain Rispoli, along with Dr. Brown of CMS Medical refused to send Plaintiff to the Infirmary to receive treatment. Instead, Captain Rispoli, Majors Costello and Scarborough, and Lt. Forbes and S/Lt. Karen Hawkins forced Plaintiff to sleep on an unsanitary floor with dirt and hair in the Observation barber Room. This caused further infection to his foot and ear area.

Approximately three or four days later, Plaintiff complained again about staff leaving lights on during daytime hours. As a protest, he again held his styrofoam tray. Instead of following DOC policy and investigating the problem, Majors Costello and Scarborough ordered two squads of A.R.T. to apprehend Plaintiff, who was still on intensive medical care for his recent sustained injuries of a severed ear and severed big toe. Lt. Satterfield and S/Lt. Hawkins ordered Plaintiff to be placed in 24 hr. hard "black-box" restraints even though previous policy stated that an inmate should only be placed in 24 hr. mechanical restraints if he had assaulted staff. 24 hr. mechanical restraints were always used as a punitive measure, but never before for a non-violent protest such as holding a paper or styrofoam tray.

③ In July, 2008, Sgt. Beckles and Lt. John Salas came to Plaintiff's cell after lunch for an impromptu shakedown even though Plaintiff was not

on isolation status; hence, not subject to mandatory shakedown. Plaintiff, who was not properly dressed in his boxers and T-shirt, kept asking why they wanted to shake him down. Sgt. Beckles responded that "they didn't need a reason, they could shakedown anyone they wanted to." After asking several times, Plaintiff told them to come back after he was dressed. Sgt. Beckles ordered Plaintiff to cuff up now without being properly dressed. To that, Plaintiff responded that "if (Beckles) couldn't wait, then call the team." Sgt. Beckles then suddenly capstunned Plaintiff in the face with pepper spray with no warning or ultimatum. He and Lt. Salas, along with other tier officers, then left the tier to assemble the Q.R.T. team to further assault Plaintiff.

When Q.R.T. opened the cell door, Plaintiff lunged outside of the cell in order that other inmates could see the beating. During this time, Sgt. Bryan kicked Plaintiff while he was down on the floor and falsely accused him of resisting. Plaintiff was placed back in his cell and put on isolation status after committing no institutional infraction.

④ In August, 2008, Inmate Thomas Gordon "popped" his sprinkler to protest Lt. Neal's and Sgt. Beckles's confiscation of his food. Shift Commander Guy Fowler and Lt. Neal allowed Sgt. James Thomas, who was involved in an earlier assault with Gordon, to be placed on Q.R.T. as an act of retaliation. After Gordon complied with order to "cuff up," he was pushed into cell by Sgt. Beckles and Q.R.T. members. Gordon was then heard screaming that "Sgt. Beckles was hitting him in the head with a metal bar." As Gordon continued to scream and yell and threaten Sgt. Beckles for brutally assaulting him with metal pipe, Lt. Maggie Neal and C/o DeBerry were observed giggling and smiling as blood streamed down Gordon's face. Later, Gordon was placed in 24hr. restraints and repeatedly capstunned with mace by Sgt. Beckles. Gordon suffered severe